# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **Jimmy Lee Hudson,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**NANCY A. BERRYHILL,** )<br>**Deputy Commissioner for Operations,** )<br>**performing the duties and functions not** )<br>**reserved to the Commissioner of** )<br>**Social Security,** )<br>)<br>**Defendant.** ) | **No. 17 C 8953**<br><br>**Magistrate Judge M. David Weisman** |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jimmy Lee Hudson appeals the Social Security Administration Commissioner's decision denying his application for benefits. For the reasons set forth below, the Court reverses the Commissioner's decision and remands this case for further proceedings.

## Background

Plaintiff applied for benefits on November 14, 2014, alleging a disability onset date of November 11, 2012. (R. 180.) His application was denied initially on May 7, 2015, and upon reconsideration on October 13, 2015. (R. 53–61; 63–76.) Plaintiff requested a hearing, which was held by an Administrative Law Judge ("ALJ") on December 2, 2016. (R. 15.) On April 27, 2017, the ALJ issued an unfavorable decision finding Plaintiff not disabled. (R. 12–25.) The Appeals Council declined to review the decision on October 13, 2017 (R. 1–6), leaving the ALJ's decision as the final decision of the Commissioner. *See Villano v. Astrue*, 556 F.3d 558, 561–62 (7th Cir. 2009).

## Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While generous, this standard "is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the claimant's impairment meets or equals any listed impairment; (4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether he is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the Commissioner to provide evidence that the claimant is capable of performing work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 11, 2012, the alleged onset date. (R. 17.) At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease of the cervical spine; anxiety disorder." (*Id.*) At step three, the ALJ found that Plaintiff did not have "an impairment or combination of impairments that meets or medically equals the severity" of one of the listed impairments. (R. 17–19.) This finding led the ALJ to conclude at step four that Plaintiff had the residual functional capacity to "perform light work" with certain exceptions.[1] (R. 19–24.) At step five, the ALJ determined that although Plaintiff could not perform any past relevant work, jobs existed in significant numbers in the national economy that Plaintiff could perform. (R. 24–25.) Accordingly, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. (*Id.*)

**A. Subjective Symptom Assessment**

Plaintiff contends that the ALJ improperly discounted his subjective symptom allegations when she failed to cite evidence or provide an explanation supporting her boilerplate conclusion that Plaintiff's statements were "not entirely consistent with the medical evidence and other evidence in the record." (R. 20.) In assessing subjective symptoms, an ALJ must consider a variety of factors, including objective medical evidence; daily activities; "the location, duration, frequency, and intensity of pain or other symptoms"; and use of medication. SSR 16-3p[2], 2016 WL 1119029, at *7; *see also Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir. 2012) ("The ALJ must . . . support credibility findings with evidence in the record."). An ALJ must give specific reasons

---

[1] "Light work" requires "a good deal of walking or standing – the primary difference between sedentary and most light jobs." SSR 83-10, 1983 WL 31251, at *5.
[2] The Court notes that Defendant has issued new guidance for evaluating symptoms in disability claims, which "eliminat[es] the use of the term 'credibility'" to "clarify that subjective symptom evaluation is not an examination of an individual's character." *See* SSR 16-3p, 2016 WL 1119029, at * 1 (Mar. 16, 2016).

3

for discrediting a claimant's testimony, and "[t]hose reasons must be supported by record evidence and must be 'sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.'" *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539–40 (7th Cir. 2003). It is "not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001).

Here, the ALJ failed to include a robust analysis of the SSR 16-3p factors that must be considered when assessing subjective allegations. First, the ALJ did not adequately address the "location, duration, frequency, and intensity of pain or other symptoms," although the record is replete with examples, including the following: Plaintiff experiences "throbbing neck pain" that radiates down his right arm into his hand (R. 382, 387), and "extreme pain in his cervical spine" (R. 385); Plaintiff has trouble using his right hand and turning to the right (R. 41); and Plaintiff has "shooting pains" down his right arm (R. 44.) In addition, the ALJ must consider the use of medication and types of treatment attempted. The record here shows that Plaintiff's pain is "difficult to control with only pain medications and rehab." (R. 386, 387, 679.) While the ALJ summarized Plaintiff's treatment, she did not suggest that his long history of ineffective treatment (including medication, surgery, injections, and physical therapy) strengthened his claim. (R. 275, 388, 394, 398, 666, 696–98); *see* SSR 16-3p, 2016 WL 1119029 at *8 ("Persistent attempts to obtain relief of symptoms, such as increasing dosages and changing medications, trying a variety of treatments, referrals to specialists, or changing treatment sources may be an indication that an individual's symptoms are a source of distress and may show that they are intense and persistent.").

With respect to daily activities, the evidence provides that Plaintiff struggles to care for himself, perform "simple chores," and drive a car. (R. 382, 385, 387, 389, 400.) The pain also interferes with his sleep on a nightly basis. (R. 666, 668.) While Plaintiff experienced some improvement as of August 2016, his treating physician noted that Plaintiff continued to have "difficulty with work, sleeping, lifting/carrying, dressing, reaching, and driving," and "significant discomfort" as of November 2016. (R. 713, 766.) Although the ALJ very briefly described Plaintiff's testimony about his daily activities (R. 19), the ALJ did not, for example, explain whether Plaintiff's daily activities were consistent or inconsistent with the pain and limitations he claimed. A more thorough analysis is necessary.

And finally, although not statutorily mandated to consider Plaintiff's work history, an ALJ is required to lend a claimant with a good work record "'substantial credibility.'" *Stark v. Colvin*, 813 F.3d 684, 689 (7th Cir. 2016) (noting that "'a claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability'"); *see also Flores v. Massanari*, 19 Fed. App'x 393, 404 (7th Cir. 2001) (criticizing ALJ for failing to acknowledge claimant's solid work history of 13 years). In assessing Plaintiff's credibility about the disabling effects of his pain, the ALJ should have acknowledged Plaintiff's consistent work history prior to the accident in November of 2012. (R. 194.)

Although much of the above evidence directly contradicts the ALJ's conclusion, the ALJ fails to meaningfully address these issues. *Godbey v. Apfel*, 238 F.3d 803, 808 (7th Cir. 2000) (stating that an ALJ must "at least minimally discuss a claimant's evidence that contradicts" their conclusions). Moreover, while the ALJ provides a summary of certain medical evidence, and notes that Plaintiff's statements "concerning the intensity, persistence and limiting effects of his symptoms are not entirely consistent with the medical evidence and other evidence in the record,"

the ALJ does not provide an adequate explanation as to the alleged inconsistencies. (R. 20.) She claimed Plaintiff's statements were not entirely consistent without identifying which statements in particular or portions of them she did not find credible. The ALJ did not provide a cohesive discussion on the issue; instead, she merely stated she reached her conclusion "for the reasons explained in this decision." (R. 20.)

The Government points to a particular portion of the ALJ's opinion to demonstrate that the ALJ sufficiently explained how the "objective medical evidence" and "other medical evidence" supported her subjective symptom findings. (Dkt. 18 at p.2 (citing R. 22).) This is the only section of the ALJ's opinion that provides some explanation of the ALJ's subjective symptoms findings, and this portion only summarizes the objective medical evidence.[3] As such, the Court agrees with Plaintiff that it is reasonable to infer the ALJ discounted Plaintiff's allegations because they were not supported by the objective medical evidence, which is improper. *See, e.g.*, *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) ("[T]he ALJ may not discredit a claimant's testimony about her pain and limitations solely because there is no objective medical evidence supporting it.").

In sum, the ALJ failed to build a "logical bridge between the evidence and [her] conclusion" that Plaintiff's testimony was not credible. *Id.* The ALJ reached a boilerplate adverse credibility finding without adequately addressing the regulatory factors and contradictory medical evidence. These errors warrant remand. *See, e.g.*, *O'Brien v. Berryhill*, No. 17 C 0272, 2017 WL 4921960, at *4 (N.D. Ill. Oct. 31, 2017) (remanding when the ALJ's reasons for rejecting

---

[3] The Government reproduced a portion of the ALJ's opinion to buttress its position. However, the reproduced paragraph generally summarizes the medical evidence. It does not explain why the medical evidence is not consistent with Plaintiff's subjective description of his pain and limitations. Only two references made by the ALJ are arguably an attempt by the ALJ to justify her conclusion. One sentence notes routine findings of compromised range of motion in the spine, yet Plaintiff had full strength in his extremities and a normal gait. (R. 22.) The other sentence notes that Plaintiff's functional abilities did not change after a cervical fusion procedure. (*Id.*) Neither of these observations justifies the ALJ's boilerplate conclusion discounting Plaintiff's subjective symptoms. A summary is not sufficient; an analysis is required.

6

Plaintiff's subjective symptom statements were "legally insufficient and not supported by substantial evidence"). On remand, the ALJ must provide a more robust explanation for her adverse subjective symptoms finding, including a comprehensive review of the SSR 16-3p factors and clear identification of Plaintiff's statements that are not entirely credible, if any.

**B. Residual Functional Capacity Assessment**

Plaintiff also argues that the ALJ's RFC assessment is not supported by substantial evidence because the ALJ relied on a factually flawed medical opinion. As an RFC assessment often "depend[s] heavily on the credibility of [a claimant's] statements concerning the 'intensity, persistence and limiting effects' of [his] symptoms," the ALJ will need to revisit this issue on remand as well. *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012).

## Conclusion

For the reasons set forth above, the Court denies the Commissioner's motion for summary judgment [17], reverses the decision and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                                    **ENTERED:** August 15, 2018

*M. David Weisman*

**M. David Weisman**
**United States Magistrate Judge**